# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD KEITH ALAN II, ESQ.,**

    Plaintiff,

vs.                          Case No. 4:07cv485-SPM/WCS

**KATHLEEN DEKKER, Circuit Judge**
**in and for the Second Judicial Circuit,**
**Leon County, Florida, and**
**WILLIE MEGGS, State Attorney**
**for the Second Judicial Circuit,**
**Leon County, Florida,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS

This is a complaint filed by Richard Keith Alan II, Esq., *pro se*, pursuant to 42 U.S.C. §§ 1983 and 1988.  Doc. 1.  Plaintiff sues a state Circuit Judge and the State Attorney.  Defendants have filed motions to dismiss.  Docs. 10 and 13 (Dekker) and 16 (Meggs).  Plaintiff has filed a reply to Dekker's response, doc. 12, and an objection to her supplement, doc. 14, styled as a motion.[1]

---

[1] The motion objects that Defendant Dekker relies upon the defense of *Younger* abstention.  The court would have reached that question anyway, *sua sponte*, as a

Plaintiff has also filed a motion for a preliminary injunction. Doc. 22. Defendant Dekker and Meggs have responded. Docs. 23 and 24. The motion for a preliminary injunction seeks to enjoin the indirect criminal contempt trial that will commence on April 18, 2008. Plaintiff is the Defendant in that case.

The indirect criminal contempt charge arose out of a criminal case prosecuted in the Leon County, Florida, Circuit Court, State v. Bowman, et al., case no. CF 09397 (A-E). Doc. 1, p. 2. Plaintiff here was the defense attorney for one of the defendants, Jason Harris, in that case. Harris was convicted in a second trial, both of which were before Circuit Judge Dekker. *Id.*, p. 3. After the trial, Plaintiff filed a number of motions, including a motion for recusal of Judge Dekker. *Id.*, pp. 3-4. On January 29, 2007, after Harris was sentenced, Judge Dekker entered an order to show cause why Plaintiff should not be held in indirect criminal contempt and had him arrested. *Id.*, pp. 4-5. State Attorney Meggs was appointed to prosecute the indirect criminal contempt charge against Plaintiff. *Id.*, p. 5. That case is pending in the Leon County Circuit Court as State v. Allen, case no. 2007 MM 741A1. *Id.*

Plaintiff alleges that the contempt prosecution is in bad faith in retaliation for post-trial motions he filed in a criminal defense action in circuit court. Doc. 1, pp. 5-6. He argues that Judge Dekker's decision to issue the show cause order was erroneous because the bases for the order were not contempt of court. *Id.*, pp. 14-16. Plaintiff recasts the factual allegations as a claim of retaliation in violation of his First Amendment rights, adding that Judge Dekker also retaliated by filing a complaint

---

question of comity. Further, the court has no jurisdiction over the claims against Judge Dekker as will be explained ahead due to the *Rooker-Feldman* doctrine.

against him to The Florida Bar. *Id.*, pp. 17-19. Plaintiff seeks declaratory relief that the indirect criminal contempt proceeding and The Florida Bar complaint filed against him are in violation of his constitutional rights, and injunction against the indirect contempt criminal proceedings, and compensatory damages against Defendant Meggs.

The specifics of Plaintiff's claims come into greater focus in the motion for a preliminary injunction. Doc. 22. Plaintiff alleges that he "engaged in constitutionally protected conduct as an attorney and zealous advocate for his client . . . ." *Id.*, p. 1. In the course of that representation, Plaintiff, on behalf of his client, raised a number of issues before the state court. *Id.*, p. 2. Plaintiff then alleges:

> Defendants took umbrage with Plaintiff's constitutionally protected conduct; and, motivated at least in part by a purpose to retaliate against or deter that conduct, Defendants arrested, jailed, and charged Plaintiff with indirect criminal contempt in bad faith. *The invalidity and timing of Judge Dekker's indirect criminal contempt charge against Plaintiff reveals the curiously suspect motivation behind it.*

*Id.* (emphasis added). Plaintiff asserts that "Defendant Judge Dekker's indirect criminal contempt charge (Exh. 5) against Plaintiff is premised upon a lie . . . ." *Id.*

Judge Dekker's order to show cause why Plaintiff should not be held in indirect criminal contempt is Exhibit 5 to document 22. Doc. 22-6, pp. 59-62 when viewed as a consolidated document on the electronic docket. The order charges Plaintiff with contacting Juror Gwendolyn Wiggins without court authorization in violation of the court's rulings, misrepresenting to Ms. Wiggins that he had the court's permission to interrogate her, interrogating Ms. Wiggins against her will, seeking production of her medical records or interrogating her about them in direct contravention of the court's ruling, and failing to timely appear with his client on December 11, 2006. *Id.*, p. 59. A

detailed statement of "facts constituting contempt" is set forth in the order. *Id.*, pp. 60-62.  In particular, at the trial on December 12, 2006, during or shortly after jury selection, the court found Plaintiff's examination of this prospective juror to have been "outrageous," denied his request to obtain her medical records, and excused her "so that she doesn't have to undergo even the threat of some of the things he has indicated." *Id.*, p. 60.  Despite this ruling, Judge Dekker found that Plaintiff contacted Ms. Wiggins on January 11, 2007, misrepresented that he had the court's authority to question her, and sought her medical records. *Id.*  Judge Dekker finds that Ms. Wiggins was so anguished that she came to the courthouse to find out whether Plaintiff had the court's permission to interrogate her. *Id.*  Judge Dekker also finds that Plaintiff and his client failed to appear at the court at 9:00 a.m. on December 11, 2006, though everyone else, including the jury, were there, and did not call anyone to explain that he would be absent. *Id.*, p. 61.  He did not appear for over an hour. *Id.*

**Legal analysis**

Dismissal of a claim or counterclaim pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Harmon v. Berry, 776 F.2d 259, 260 (11th Cir. 1985) (counterclaim).  A court must "accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the non-moving party." Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1070 (11th Cir. 2004).

Defendant Meggs has absolute immunity from an action in damages for simply exercising his prosecutorial responsibilities. Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The damages claim against State Attorney Meggs should be dismissed. A prosecutor, however, is not absolutely immune from declaratory and injunctive relief. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).[2]

Defendant Dekker argues that she has absolute immunity from an award of damages, doc. 10, but Plaintiff does not seek damages from her. This is not a basis for dismissal of the complaint.

Defendant Dekker also argues that Plaintiff is seeking to have this court overturn judicial rulings made by Defendant Dekker, and points out that this is precluded by the *Rooker-Feldman* doctrine. *Id*. This argument is correct. The *only* wrongs alleged to have been done by Judge Dekker are to have issued an order to show cause, which is the centerpiece of this suit, and to file a complaint against Plaintiff with The Florida Bar. Those are past judicial acts. Judge Dekker presumably has no role in the pending criminal contempt trial, and thus injunctive relief against her would be meaningless – except to vacate these two judicial acts. This court lacks jurisdiction to consider the judicial decisions by Defendant Dekker because Plaintiff was the "losing" party with respect to those rulings, and Plaintiff still has a reasonable opportunity to present his claims in state court:[3]

---

[2] This case further found that injunctive relief was not available as the claimant had an adequate remedy at law in the state courts.

[3] The criminal contempt trial will run the normal course in Florida courts. The Florida Bar proceedings will culminate in judicial review by the Florida Supreme Court, with the possibility of certiorari review in the United States Supreme Court.

Case No. 4:07cv385-SPM/WCS

> Rooker-Feldman bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court, *see Roe v. Alabama*, 43 F.3d 574, 580 (11th Cir. 1995); (2) the prior state court ruling was a final or conclusive judgment on the merits, *see David Vincent, Inc. v. Broward County*, 200 F.3d 1325, 1332 (11th Cir. 2000); (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, *see Dale v. Moore*, 121 F.3d 624, 626 (11th Cir.1997) (per curiam ); and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment, *see Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 (11th Cir. 2003).

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-1522, 161 L.Ed.2d 454 (2005).  Thus, "*Rooker-Feldman* applies only when a plaintiff asserts injury from the state court judgment."  Coles v. Granville, 448 F.3d 853, 859 (6th Cir. 2006).  This court lacks jurisdiction to consider declaratory and injunctive relief claims against Defendant Dekker.

Of course, if Plaintiff is ultimately found in contempt of the state court, that judicial ruling likewise cannot be reviewed by this court due to the *Rooker-Feldman* doctrine. Shapiro v. Ingram, 207 Fed.Appx. 938 (11th Cir.2006) (not selected for publication in the Federal Reporter, No. 06-10834); Alyshah v. United States, 241 Fed.Appx. 665 (11th Cir. 2007) (not selected for publication in the Federal Reporter, No. 06-15452, 06-15512).

Finally, with respect to injunctive relief against State Attorney Meggs, by virtue of 28 U.S.C. § 2283, this court generally lacks power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings.  Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  "Respect for the equality and independence of state courts is a cornerstone of our judicial system."  McNair v. Allen, 515 F.3d 1168, 1175 (11th Cir.), *stay of execution granted*, 128 S.Ct. 1138 (2008)

> [A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.  *See Younger v. Harris*, 91 S.Ct. 746, 750 (1971).  Under the *Younger* abstention doctrine, to justify federal intervention, a petitioner "must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts."  *Allee v. Medrano*, 94 S.Ct. 2191, 2210 (1974).

Lawrence v. Miami-Dade County State Attorney Office, 2008 WL 876348 (11th Cir. Apr 2, 2008) (not selected for publication in the Federal Reporter, No. 07-15487).

Plaintiff has not shown manifest bad faith or harassment.  The order to show cause stands solidly on its own, and plainly alleges conduct that would be indirect criminal contempt.  Plaintiff will have his day in court as to the truth of those assertions.  This court, however, must abstain from considering the claim for declaratory and injunctive relief against Defendant Meggs.

The law governing these motions to dismiss is well-established  The claims brought by Plaintiff appear to have no basis in law, may have no basis in fact, and seem to have been filed to harass Defendants and to cause unnecessary delay in legitimate state criminal proceedings.  FED. R. CIV. P. 11(b)(1), (2), and (3).  Pursuant to FED. R. CIV. P. 11(c)(3), it is recommended that if this court adopts this report and recommendation, that it remand this cause for proceedings pursuant to Rule 11.  The outcome of the indirect criminal contempt proceeding, of course, will have a significant bearing upon Rule 11 sanctions.

Accordingly, it is **RECOMMENDED** that Defendants' motions to dismiss, docs. 10, 13, and 16, be is **GRANTED**, that the complaint be **DISMISSED WITH PREJUDICE**, that Plaintiff's motion for a preliminary injunction, doc. 22, be **DENIED**, and that the court **REMAND** for consideration of Rule 11 sanctions against Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on April 17, 2008.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**