**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

RICHARD KEITH ALAN II, ESQ.,

    Plaintiff,

vs.                                             Case No.: 4:07-CV-485-SPM

KATHLEEN DEKKER, Circuit Judge
in and for the Second Judicial Circuit,
Leon County, Florida, and
WILLIE MEGGS, State Attorney
for the Second Judicial Circuit,
Leon County, Florida,

    Defendants.
_____/

## ORDER

THIS CAUSE comes for consideration upon the Magistrate Judge's Report and Recommendation (doc. 28). Plaintiff has been furnished a copy and has filed objections.

However, as a preliminary matter, Plaintiff has filed a notice of objection to the Magistrate Judge's jurisdiction in this case (doc. 11). Magistrate Judge's jurisdiction is granted by federal statute. 28 U.S.C. § 636. The Magistrate Judge evaluates the claims of the parties and then submits a Report and Recommendation to this Court. After the parties review the Magistrate Judge's Report and Recommendation, they are entitled to an opportunity to object to the

Magistrate Judge's conclusions or findings.  This Court is then required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  And after doing so, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by " the magistrate judge.  Upon review of the recommendation, this Court may reconsider or overrule a decision made by the Magistrate Judge if "it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law."  Id.  Therefore, the final order is entered by this Court, not by the Magistrate Judge.  Accordingly, Plaintiff's objection to the Magistrate Judge's jurisdiction will be overruled.

The Court now turns to the objections to the Report and Recommendation.  While Plaintiff was representing a defendant in a criminal state case, Defendant Judge Dekker entered an order for Plaintiff to show cause why he should not be held in criminal contempt because of Plaintiff's behavior during the state trial.  Defendant State Attorney Meggs was appointed to prosecute the criminal contempt charge against Plaintiff.  This criminal contempt proceeding is still pending in state court.

"It is well established that a showing of bad faith prosecution presents a narrow exception to the doctrine of abstention which will justify federal interference in a pending state court criminal proceeding." Fitzgerald v. Peek, 636 F.2d 943, 944 (5th Cir. 1981).  Accepting Plaintiff's allegations in his

complaint as true, there is no evidence of a bad faith prosecution. Therefore, this narrow exception to the <u>Younger</u> doctrine is inapplicable. Because this state proceeding is ongoing and there are no extraordinary circumstances present, this Court is not permitted to intervene. <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971).

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiff's objection to the Magistrate Judge's jurisdiction shall be ***overruled***.

2. The Magistrate Judge's Report and Recommendation (doc. 28) is ***adopted and incorporated*** by reference in this order.

3. Defendants' motions to dismiss (doc. 10) is ***granted***.

4. Plaintiff's claims are ***dismissed with prejudice***.

5. Plaintiff's motion for preliminary injunctive relief (doc. 22) is ***denied***.

6. This matter is ***remanded*** to the Magistrate Judge for consideration of Defendants' motion for Rule 11 sanctions.

DONE AND ORDERED this <u>thirtieth</u> day of September, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge